UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST E. GRAY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>A. MORRISON, et al.,<br><br>Defendants. | Case No. 18-cv-02608-EMC<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**<br><br>Docket No. 1 |

## I.  INTRODUCTION

This is a *pro se* civil rights action filed by Forrest E. Gray on behalf of himself and Robert Toth. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## II.  BACKGROUND

In the complaint, Mr. Gray alleges that officials at the Salinas Valley State Prison "discriminated" against him and his "close friend Robert Toth" on December 17, 2017, by separating them for discriminatory and false reasons. One correctional officer wrote a false report, stating that Mr. Gray had said "'I will kick your ass nigga,' using discriminatory lie language." Docket No. 1 at 3. Mr. Gray was sent to a prison in Los Angeles County and Mr. Toth was sent to a prison in Sacramento County.

## III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint has a threshold problem with the plaintiffs. The Court understands the complaint to be brought by Mr. Gray and not by both Mr. Gray and Mr. Toth. Although both Mr. Gray and Mr. Toth are listed as plaintiffs, only Mr. Gray signed the complaint. Mr. Toth (a) did not sign the complaint; (b) did not later submit a signed copy when the Clerk sent a notice (Docket No. 3) to Mr. Toth explaining that he needed to do so; and (c) did not submit an *in forma pauperis* application, even after the Clerk sent the form with a notice (Docket No. 4), explaining that he needed to file an application. From this record, the Court concludes that Mr. Gray was attempting to bring an action on behalf of himself and Mr. Toth. However, Mr. Gray had no authority to bring an action on behalf of Mr. Toth because "a litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class). Because Mr. Gray has no authority to represent Mr. Toth, and Mr. Toth has not indicated an interest in being a plaintiff, Mr. Toth is dismissed as a plaintiff in this action. The Court now turns to the claims alleged by Mr. Gray.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Transfers in General: Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Mr. Gray had no general constitutional right not to be transferred from one prison to another.

Due Process: The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause

2

may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487.

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from an administrative decision or a disciplinary decision. If it is an administrative decision, due process requires that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reason segregation is being considered, and allow the prisoner to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100, 1104-05 (9th Cir. 1986). There also must be some evidence to support the prison officials' decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). If it is a disciplinary decision, the procedural protections required are: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

The complaint fails to state a claim for a due process violation. The complaint does not allege that Mr. Gray was denied a protected liberty interest. That is, he does not identify what the defendants did to him that resulted in the imposition of an atypical and significant hardship in relation to the ordinary incidents of prison life or will inevitably affect the duration of his confinement. *See Sandin*, 515 U.S. at 484, 487. The absence of such information prevents the court from determining that there was a deprivation of any constitutionally protected liberty interest to trigger any need for procedural protections under the federal constitution. The other problem is that Mr. Gray did not allege the particular procedural protection(s) he was not provided before he was deprived of the liberty interest. In his amended complaint, Mr. Gray must identify the deprivation of a protected liberty interest he experienced and identify each procedural protection he did not receive in connection with each of the administrative or disciplinary proceedings.

<u>False Charges</u>: Mr. Gray also alleges that someone made a false accusation against him. False charges alone are not actionable under § 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. For a false accusation to be potentially actionable, the false charge must implicate some constitutional right, such as the Fourteenth Amendment's right to due process. An allegation of a false charge that results in discipline that is not severe enough to amount to a deprivation of a protected liberty interest under *Sandin* – that is, by imposing an atypical and significant hardship or by inevitably affecting the duration of confinement – does not state a claim under § 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Even if the false charge does result in discipline that amounts to the deprivation of a protected liberty interest under *Sandin*, a § 1983 claim is not stated if the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. *See Smith*, 293 F.3d at 654; *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). The complaint does not state a claim based merely on the fact that Mr. Gray allegedly was

4

1 falsely charged.

2 <u>Equal Protection</u>: "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). The complaint alleges that Mr. Gray was discriminated against, but does not allege facts showing what the adverse action consisted of or what the purported basis for discrimination was. The racially derogatory language described in the complaint was allegedly used by Mr. Gray, not the correctional officer. Even with liberal construction, the complaint does not state a claim for a violation of Torres' right to equal protection because no *facts* are alleged to suggest that any Defendant acted with a discriminatory purpose and that any Defendant's actions had a discriminatory effect. The equal protection claim is dismissed with leave to amend.

<u>Eighth Amendment</u>: The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*, 511 U.S. at 834. Mr. Gray contends that Defendants violated his rights under the Eighth Amendment, but alleges no facts suggestive of an Eighth Amendment violation. Mere transfer to a different prison, even if it results in an inmate being separated from another inmate with whom he is friends, does not amount to an objectively, sufficiently serious, condition to violated the Eighth Amendment. The Eighth Amendment claim is dismissed with leave to amend.

<u>First Amendment</u>: A prisoner retains those First Amendment rights that are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)) (internal

1  quotation marks omitted).  Mr. Gray alleges that a Defendant "violate[d] the freedom of speech
2  [by] lying" in stating that Mr. Gray used "obscene language," i.e., the Defendant stated that Mr.
3  Gray said he would "'kick your ass nigga.'"  Docket No. 1 at 3.  The act complained of (i.e.,
4  telling a lie) did not violate Mr. Gray's First Amendment right to free speech.  The First
5  Amendment claim is dismissed with leave to amend.

6  Finally, Mr. Gray fails to link several defendants to his claims.  In his amended complaint
7  Mr. Gray must be careful to allege facts showing the basis for liability for *each* defendant.  He
8  should not refer to them as a group (e.g. "the defendants"); rather, he should identify each
9  involved defendant by name and link each of them to his claim by explaining what each defendant
10  did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844
11  F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only
12  if plaintiff can show that defendant proximately caused deprivation of federally protected right).
13  There is no respondeat superior liability under section 1983, i.e. no liability under the theory that
14  one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell*
15  *v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
16  1989).  A supervisor may be liable under section 1983 upon a showing of (1) personal
17  involvement in the constitutional deprivation or (2) a sufficient causal connection between the
18  supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202,
19  1207 (9th Cir. 2011).

### IV.  CONCLUSION

21  Mr. Toth is dismissed from this action.  This dismissal is without prejudice to Mr. Toth
22  filing a new action in which Mr. Toth alleges claims for violations of his own civil rights.  The
23  only claims that remain in this action are Mr. Gray's claims for violations of Mr. Gray's civil
24  rights.

25  The complaint by Mr. Gray is dismissed with leave to amend.  Mr. Gray must file an
26  amended complaint that complies with the directions in this order no later than **October 19, 2018**,
27  and must include the caption and civil case number used in this order and the words AMENDED
28  COMPLAINT on the first page.  Mr. Gray is cautioned that his amended complaint must be a

complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: September 18, 2018

_____
EDWARD M. CHEN
United States District Judge